The Honorable Gwen Welshimer State Representative, 88th District State Capitol, Room 281-W Topeka, Kansas 66612
Dear Representative Welshimer:
As State Representative for the 88th District you draw our attention to the naturopath statute, K.S.A. 65-2872a, which provides:
 "Any naturopath who is a graduate of a nationally recognized naturopathic college as approved by the state naturopath association and practicing in the state of Kansas as of January 1, 1982, shall be permitted to practice in Kansas without approval by the board of healing arts. No naturopath shall be permitted to practice surgery, obstetrics or write prescriptions for prescription drugs."
You ask who may enforce this statute.
The Kansas Supreme Court addressed a similar issue in the case of Stateex rel. State Board of Healing Arts v. Beyrle[1] when a naturopath questioned the Board's authority, or standing, to challenge the constitutionality of the naturopath statute. In that case the Court stated:
 "We hold that K.S.A. 65-2857[2] grants the Board the right to maintain an injunction or quo warranto action to enjoin or oust the unlawful practice of the healing arts. We also recognize that the provisions of K.S.A. 65-2864[3] require the Board to enforce the provisions of this Act and make all necessary investigations relative to alleged violations. . . .
 "The Board has regularly employed counsel who can bring actions such as this one and we believe the right to bring such actions is not limited to the attorney general, county attorney, or district attorney.[4] We hold the Board has the necessary standing to bring this action and raise the constitutional issues."
Based on the rationale expressed in Beyrle, in our opinion the Board of Healing Arts is authorized to enforce the naturopath statute. Additionally, upon request of the Board, the Attorney General or the appropriate county or district attorney may initiate an enforcement action in relation to the naturopath statute. Finally, we note that pursuant to the rationale of Kansas Bar Association v. Judges of Third JudicialDistrict,[5] neither a professional naturopath association nor a lawfully practicing naturopath has standing to enforce the naturopath statute.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] 269 Kan. 616 (2000).
[2] "An action in injunction or quo warranto may be brought and maintained in the name of the state of Kansas to enjoin or oust from the unlawful practice of the healing arts, any person who shall practice the healing arts as defined in this act without being duly licensed therefor."
[3] "The board shall enforce the provisions of this act and for that purpose shall make all necessary investigations relative thereto."
[4] K.S.A. 65-2866 authorizes the Attorney General or the appropriate county or district attorney, if requested by the Board, to institute an enforcement proceeding against any person who is charged with violation of any provision of the Act.
[5] 270 Kan. 489 (2000).